17-3525, Bedrosian v. United States, Department of the Treasury, Mr. Wiener and Mr. Egan. As you're coming up, Mr. Wiener, we're going to tell you right now, the first set of questions is going to revolve around to what extent do we have appellate jurisdiction. Good morning, and may I please the court. Andy Wiener for the United States. If I can, to your first question, Judge Ambrose. In this case, Mr. Bedrosian violated his 2007 FBAR requirement by failing to disclose his Swiss bank account of 35 years with approximately $2 million in it. Okay, so the question is, I know you have the whole fact thing going, but I think we're there. Okay, so basic first question, 1346A1 or A2? A2, your honor. So to lay out the statutory scheme, 1295A2 provides for exclusive jurisdiction in the federal circuits on cases under 1346. A2. 1346 all told, with exceptions. Okay. Two exceptions relevant here. 1346A1 has to do with cases brought under the internal revenue laws. That's not the case here, but that's relevant to it in interpreting the statutory language in play. 1346A2 is also an exception. 1346A2 is what's called the Little Tucker Act. It's for cases for monetary damages against the federal government under $10,000. 1346A2 provides for exclusive jurisdiction in those cases to the federal circuit with one exception, and that exception being when the cases are founded upon statutes or regulations that provide for internal revenue. That is this case because the FBAR requirement, which was established under the Bank Secrecy Act of 1970, clearly provides for internal revenue. Congress, in its committee report, specifically addressed the fact that the FBAR requirement, which the Bank Secrecy Act calls for... Isn't it a banking regulation? Well, it is. I mean, well, the Bank Secrecy Act does a lot of things, but one of the things it does is it requires US taxpayers to disclose foreign holdings to the IRS and to Treasury for various reasons. It was initially for... It was to provide for investigator purposes and criminal purposes, specifically under money laundering statutes, and was also specifically mentioned in legislative history as this idea that Congress knew that people were hiding money in Swiss bank accounts, and it was an easy, readily available avenue for tax evasion. And that is... So the idea that a taxpayer would have to disclose holdings in a foreign account is specifically designed to encourage and promote investigations of those people who were evading taxes. Well, I was going to say, I mean, let me kick it off a little bit. This is an old one, but US v. Hill, 1887, helped to define revenue laws by saying it's something directly traceable to the power granted by Congress, to Congress by Section 8, Article 1 of the Constitution, to lay and collect taxes, duties, imposts, and excises. Is this the kind of thing that's directly traceable to the taxing power? Well, Your Honor, again, this is why I bring up why I think 1346A1 is so important here, which is not this case. 1346A1 has to do with the idea of cases that are brought under the internal revenue laws, which includes all of those exercises of power that you're referring to under Title 26. Then you have a different exception that uses different statutory language that I would submit, Your Honor, is considerably broader. Not internal revenue laws, but provide for internal revenue. So the idea is that a reporting requirement that then is used to investigate tax evasion provides for internal revenue. Not only do you have the original Bank Secrecy Act statute, but then in 2004, Congress upped the ante on people who didn't file FBARs by virtue of increasing the penalty, because the Congress had asked Treasury to provide a report as to people holding assets offshore, and Treasury got back to them in a white paper that basically said, we estimate that there are still hundreds of thousands, notwithstanding the penalties that already exist, there are hundreds of thousands of taxpayers, U.S. taxpayers, that are hiding money offshore. As a result, what Congress did is it increased the penalty, and about the same time, the prior year in 2003, Treasury delegated authority with respect to the FBAR program from Treasury FinCEN, which is a money laundering outfit, to the IRS, because it said in the Treasury regulations the FBARs are now primarily used for tax enforcement purposes. And so here you have a clear marriage of the statutory language provides for internal revenue, and what the FBAR is all about. And so there you have, you're squarely within the exception. And then I'm going to one last point that I think is really crucial here, is that exclusive Fed Circuit jurisdiction under things like patent appeals, and cases under the regular Tucker Act, was enacted so that Congress could allow one court to create a certain uniformity of the law in certain areas, and specifically excluded tax from one of those areas, which is why you have these exceptions. Now, the FBAR cases, by and large, are brought by the government to reduce penalties to judgment against taxpayers. There is no ability to go before the Court of Federal Claims on those cases. Court of Federal Claims has no jurisdiction over U.S. taxpayers. And so those cases have to go to district court, and then under 1292, they go up to the Court of Appeals in the regional circuit. 1291. What? 1291, you mean. I'm sorry, 1291, non-interrogatory. Excuse me. So those cases, much of the FBAR litigation, and you see this in Williams, you see it in Bucell, that litigation is starting in the district court and proceeding up through the regional courts of appeals. There is no ability for the Federal Circuit to impose a certain uniformity in this area of the law, which is the whole reason for the exclusive fed jurisdiction. So let me ask you this question. Actually, a couple of questions. So if I understood your argument, and as I read the statutes, 1346A1 and 1346A2 are mutually exclusive, right? I understand they're both exceptions. In terms of appellate jurisdiction. Right, correct. Okay. So tell me then, what should we make of United States v. Howery? I presume that's how you pronounce it, but let's assume that's right. Where it suggested, apparently without any explanation or reasoning, that providing for internal revenue simply means related to federal taxes. Is that definition binding on us? And if it is, what's the consequence? Well, I don't think it's binding because I don't think that was, I'm a little fuzzy, admittedly, on the particular facts at issue, but that statute, what Howery, again, excuse me if I'm mispronouncing, was important to, is it sort of laid out, I mean, it's a Supreme Court case laying out what this exclusive jurisdiction for the Federal Circuit meant. And I do not, Howery was not, I believe, a tax case. And I understand the idea that, yeah, it might have been indicative, but when the Supreme Court says it, it's still really important. And that doesn't hurt our argument here. I think that the idea being that, again, the mechanics of what the FBAR is all about is crucially important. The FBAR is provided to the IRS and it discloses certain foreign holdings because there is, like for instance, if you hold money in a domestic account, there's third-party reporting. Third-party reporting is the most efficient and effective way for the IRS to make sure that you're paying your fair share. When you hold money in UBS in Switzerland, there is no third-party reporting requirement, not until recently. There actually is now under a statute called FACTA. But at the time, there was no third-party reporting. The question then becomes, how do you make sure that people are still paying their fair share? Because that income is still taxable. It doesn't matter where you warehouse it. The fact of the matter is that you're a U.S. taxpayer and you have to report that as income. And so that reporting requirement then leads to making sure that those taxpayers who have foreign accounts are paying their fair share. But again, FBAR deals with more, I mean, it has to do with security concerns as well. It's not just an IRS statute. I understand that IRS is responsible for enforcing at this point or at least investigating it. But there are other reasons for FBAR, right? Absolutely. Yeah. I'm sorry. I didn't mean to cut you off, Your Honor. But my point being that it doesn't have to be exclusively for taxes. It's got to provide for internal revenue. If it provides for internal revenue and also helps with money laundering investigations, that doesn't mean that it doesn't fit within the statute. It doesn't say exclusively provide or only provide for internal revenue. So once you recognize, and which I think is clear as day, not only when you look at the Bank Secrecy Act, but all the things that have happened with FBAR since then, once you're satisfied that it does provide for internal revenue because it does, then that's the end of the inquiry. And so therefore we think, and then functionally, as I said before, these cases aren't by and large going to the federal circuit anyway. So there is no, it defies the reasoning that Congress had in giving the federal circuit exclusive jurisdiction under certain areas of the law in order to create that uniformity to transfer this case to the federal circuit because these cases aren't going to the federal circuit by and large. I have a, what about the, let's assume that we are uncertain as to whether we have appellate jurisdiction, whether this is truly A2 with revenue or A1. But what about the fact that you filed a counterclaim for the full amount? We have a case called Rango, R-E-N-G-O from 657 Fed 2nd 535 1981 case of our court. The judge Adams wrote it. A jurisdictional defect in the complaint will not preclude adjudication of a counterclaim over which the court has an independent basis of jurisdiction. Why is that not applicable? The reason it's not is because if you look at the statutory language under 1295 A2, it says the fed circuit shall have exclusive jurisdiction when the case is brought in whole or in part. It specifically uses that language in whole or in part under 1346. And so this case is under 1346 A2. It's under the Little Tucker Act. It can't be under 1346 A1 because as the government has asserted, I believe, briefly in its opening brief, and I don't think that taxpayers claim otherwise, this isn't a case about internal revenue loss. This isn't a case for taxes. The FBAR penalty is not a tax, but the FBAR provides for internal revenue. Is the other bar that they're not seeking full payment or they haven't made full payment to satisfy the jurisdictional prerequisites? If it was a tax, then they would have what's called a fora issue where you have to pay the full amount and then sue for, that's how you get refund jurisdiction. And so because this is not a tax, they didn't have to pay the full amount. They just had to pay anything and then they can sue for that return. But Judge Ambrose, your point is correct that our counterclaim is under 1345. But unfortunately, or I mean, just as a matter of fact, that doesn't address what I think is the salient point here, which is that the language under 1295 that says in whole or in part under 1346, Fed Circuit has exclusive jurisdiction. But again, because this case falls squarely within one of the exceptions under 1295A2, the case is properly brought here. Last point I guess I would make on this issue is that both this court and the Federal Circuit and is, I think, a fundamental principle of our legal system is that courts have jurisdiction to determine their jurisdiction. So the case was properly brought before this court, at least insofar as the government thinks the case is properly brought here and this court has authority to make that determination. The court happens to agree that we're incorrect and disagrees with the government on that. We have asked that the court transfer this case under, I believe it's 1631, because that's in the interest of justice. But again, we think that if you look at the plain language of the statute and if you look at the F-bar, it's purposes that are, we're not inferring purposes here. These are something that Congress has repeatedly said over and over and over again, that this is about charting out tax evasion, that this case properly fits within the exception of 1295A2. Okay, so we'll move off of jurisdiction. Okay, Your Honor. Moving on to the, sorry. Yeah, that was just a prelude to a question. Okay. Not an opening for you to say anything. It was a transition. I thought it was just to get me to move along. Oh, no, no. I appreciate the help. Please, go ahead. Brown. So, Brown, we acknowledge that we generally exercise plenary review over questions involving the application of law to fact, but we recognize that issues of state of mind often represented an exception. We held there that the clear error standard applies to the issue whether a false truth. So, in light of Brown, my question is, why shouldn't we apply clear error review to the district court's determination as to recklessness here? I know part of the argument is they didn't speak on recklessness per se, but I'll have other questions to get us to that point, but. Okay. In direct response to your question as to the standard of review, the issue here, just to frame it, the issue here is willfulness, and willfulness under the civil standard includes knowing or reckless conduct. Now, to the extent that- Your district court got that, right? I mean, they at least enunciated it. At least enunciated it. Now, to the standard of review and Judge Brenaway's point about Brown is the government doesn't disagree that clear error applies to the knowing prong of that analysis, because even though it is a technically a mixed question of fact and law, it is, I believe, the verbiage that was used in Brown. It was essentially factual. Either he knew or he didn't know. There's no legal analysis required. The same is not true with respect to recklessness in this case, because in Brown, the particular brand of recklessness that applied, the particular standard was a subjective one. The question was, did the officer know or have reason to know of things that the officer would recognize as being reckless, as a risk of violating, a risk of disregarding the truth? Here, you have an objective brand, and you have an objective standard of recklessness. Did Mr. Bedrosian know or have reason to know facts that a reasonable person would recognize as being- as risking a violation under that framework? But that's exactly the question. In this context, how can knowledge be a question of law that we review to know? Well, the question, if you were to dissect the elements of the recklessness inquiry, yes, there are certain things that, like, did Mr. Bedrosian know certain facts, or did he have reason to know certain facts? That might be- that is a subject- that has a subjective element to it, but there is also a objective element in terms of the, would a reasonable person, knowing the same facts, realize the risk that he was undertaking with that? That is not- that is an objective standard of review that applies here. The Supreme Court said so in Safeco, and actually, that's something else that the district court in this case recognized, that the standard of recklessness is an objective one. And so, it has a legal- it has a component of legal analysis to it that you didn't have in Brown. The question in Brown was, you know, what did he know, and what- and can you infer subjective recklessness on that basis? The standard review here is somewhat different. The question here is, what did Mr. Bedrosian know or should have known, and would a reasonable person recognize that this is really reckless? Well, let me ask you this question. Tied up in that particular finding and analysis is the credibility of Mr. Bedrosian, and the court found that he was credible. How does that influence the knowledge analysis, or I'm sorry, the knowledge dichotomy that you have? Because I understand what you're saying is, part of the analysis is subjective, and part of the analysis is objective. And my question to you is, doesn't a finding that he's credible influence, if I accept your dichotomy, both findings, both the subjective finding and the objective finding? Well, to the point of credibility, I think it's very- I mean, I understand that my person counsel has made much of the credibility finding that the court made. It's largely based on the credible testimony of Mr. Bedrosian, but the court- if you look at the court's actual conclusions, the court didn't say that it found that he didn't know. It said that the government hadn't provided evidence sufficient to show by preponderance that he did know. And so the court didn't make findings as to ultimate- the ultimate questions at issue in this case, did he know the FR- did he know he was violating his FR requirement? The court just said, look, the government didn't show me enough. And so even the court's own analysis- I mean, the court's credibility- the court didn't say, because this guy said he didn't know, and I believe him, then I find that he didn't know. That's not what the court did. Well, it said a little more than you're saying at the moment, though. Yeah, but again, I mean, they- and this, I believe, is not an askew. What the court said is, you know, having reviewed the record based on, you know, my review of the record, the- I find that the government did not meet its burden by showing a preponderance of the evidence that he knew he was violating his FR requirement. Now that is- so there were certain things that the court didn't make a credibility determination as to that ultimate point. And also, there were a bunch of subsidiary points that the court also didn't make credibility- I mean, didn't make findings. It didn't say that they believed that he had- he didn't know he had two accounts. The court said, look, there's some evidence that he did know he had two accounts, and I don't have to reach that, because even if I did, it would go the other way. Now, we think that the court has misconstrued the record in fatal ways, but the bottom- as to what the court did and didn't do, it didn't rest strictly on a credibility determination. And our arguments don't really take that credibility- it doesn't- the arguments don't attack that credibility determination. Our arguments were, as a matter of law, he was reckless because the undisputed record shows as much. And then also, the court misconstrued certain basic facts that would have well-tilt the balance of the evidence the other way. How do we get to the error that you proclaim on recklessness when the court said, at most, he was negligent? I mean, that statement, right, inherently, intrinsically, says that he didn't get to recklessness. Well, again, while recognizing that he did use the word recklessness, the fact of the matter is that that one use of the word doesn't really save his actual standard. There's no question- there's nothing in his opinion that would say as to whether Mr. Bedrosian knew he was acting recklessly or whether he should have known he was acting recklessly. But just help me on just the one point that's- it's all connected to this. If you conclude that Mr. Bedrosian was, at most, negligent, right, isn't- inherent in that that he was reckless? Correct. Without- I would concede the point that if you were without- even though he did not apply or does not have any appearance of making the actual findings that the standard of recklessness requires, I agree that you could infer, based on his use of the word negligence, that by that you can infer that he would say no to all those- to all those elements. But I would suggest this, is that even in that- even in that- that passage that you're referring to, he says, look, I find that he wasn't willfully violating his FR- I find that he wasn't intentionally- I'm sorry, I find that he- there's no evidence that he was intentionally violating his FR requirement. At most, he was negligent. That seems to suggest that the court's got a dich- the court's got a binary analysis. Either he did it intentionally, or he was negligent. What the court didn't really consider was that there's a third option, and the third option that the law requires the court to consider, which is that his conduct was so risky that it was reckless. In fact, there's no indication that the court went through the analysis that his being careful, he was embracing an unreasonable risk in what he was doing. I- I- I get that argument, but why would the court get to those questions and resolve them if the court made the finding that it did? I mean, it's- it sounds like an inherent in the findings that the court made was that he didn't need to get to those questions, you know, about risk, about recklessness specifically. I- I- I totally get it. Your argument is, you know, he- he should have gotten there, that- that would have created a complete record. I totally get that, but the- given what he did find, why would he do that? Your Honor, because I think the- the clearest answer I have to you is that- because that's what the law requires. Willfulness requires you have to determine whether he was knowing or not. So we- we- we assert that that- he clearly erred in that regard. But with- with respect to reckless, he's like, oh, he was at most negligent. Now, the court can infer a whole- a whole analysis that the- this court can infer a whole analysis that the district court didn't do. Like, for example, we don't know whether the court decided that he knew- we don't know what the court decided in terms of how risky his behavior was. Maybe his behavior was tremendously risky, but he just didn't know. Or maybe he did know certain facts, and that- that- those facts didn't amount to behavior that was risky enough. So the thing is, is that the court- the- the- the reasoning that would support Your Honor's suggestion that he made this- he made- he- he did it- the court did enough. It disposed of the recklessness analysis by referring to the fact that he was negligent. There's a- there's a definition. There's a- there's- the Supreme Court says that you have to establish- I mean, that it's got to be willful or reckless. And within recklessness, the Supreme Court further in satio goes on to define what recklessness means in a civil context. And it requires particular findings. You got to find what he knew, you got to find what he should have known, and then you have to find whether that amounts to reckless behavior. Now, we don't have any- we don't have any of those things. And you don't need all three. So the thing is, is that the courts here- this court has now left to guess what the district court- how the district court arrived at its conclusion. And so even if- and we think that he was reckless as a matter of law, so to a certain extent, I think our argument would be that it doesn't matter. But we would suggest that if this court was to say, well, clear error applies to the recklessness determination, how's this court to do that? It doesn't know exactly what the court's findings were in this regard. Of that three-part test, you said the court doesn't have to deal with all three issues? Well, I mean, if he knew all the facts and that didn't amount to reckless conduct, or he knew some of the facts and he shouldn't have known other facts that would have amounted to reckless conduct and so therefore he wasn't reckless, or he did know everything that he knew or should have known and that doesn't amount to- there are a bunch of different- you've got two aspects of knowledge and then one- then the question is whether if you look at all that stuff that he knew or should have known, whether that constitutes reckless behavior. This court- I submit this court can't really go through a clear error analysis because it doesn't know what the court did know. Ken? Go ahead, Jeff. Yeah, go ahead. Thanks. So, question. A lot of the evidence that you present with regard to the state of mind happens to fall chronologically after he filed the 2007 FBAR, some of the account transfers, the 2008 FBAR. Would you agree that those facts should be disregarded to the question- in order to resolve the question of willfulness as it applies to the filing of the 2007 FBAR? I would agree, Your Honor, that the salient question before the district court and before this court is whether he knew at the time of filing. So, I totally agree with that, Your Honor. I think that there's a tremendous amount of evidence that suggests that he knew or was reckless at the time of filing, but what the evidence that succeeds comes after the actual conduct continues. For example, he knew that he was violating the law for decades because his original return preparer told him that. Then he has a new return preparer. He doesn't talk to the return preparer. He doesn't remember talking to the return preparer at all about his foreign holdings, and he has no idea how that return preparer ended up preparing an FBAR for him because he had to stop mail on all his information, so he had no idea what information he had with respect to those accounts. Then the preparer prepares an FBAR for him anyway, so now he's got one, and he doesn't review it. He has no idea. He doesn't remember talking to the return preparer about his foreign accounts, and he has no idea what information the return preparer had. It's one piece of paper. It's not like this is a president of a public company. He files a 10-K, where he certifies the accuracy of the financials of the company. This is a one-page form with basic information. Where's your account? What's the account number? How much money do you have in it? He doesn't review that form. The form doesn't get filed with the tax return, mind you. It gets filed to a different address, so there's no mistaking that this is not part of his tax return. All of that stuff happens before he actually files, and then for another two years, he doesn't disclose. Then he moves the money that he did disclose back to the United States. He moves the money that he didn't disclose, so it's still hidden. He moves that to a lower-profile Swiss bank, Hyposlice, and then he doesn't do anything for two years. Two years. Files another FBAR. Does he disclose the account then? No, he doesn't disclose the larger account then. Then he gets word, and he puts this in a filing to the government. He files for the Voluntary Disclosure Program, trying to get people to come forward by themselves. The benefit of the Voluntary Disclosure Program is if you step forward yourself, you'll have to pay a reduced penalty, and we will give you some assurances that you won't be criminally prosecuted. That's the deal that the government offers. He then puts in that filing, and he's been told that UBS is going to provide his information to the Internal Revenue Service. Then he files, disclosing the larger account that he had for 35 years. I told you, you recited the evidence that argues for that. I totally get that, but as a general matter, your point is all of this subsequent behavior gives us some inkling into the knowledge at the time of the filing. Absolutely, Your Honor. It shows that to the extent that certain mistakes could have been made and things were unintentional, the subsequent facts reveal that they were unintentional. I think this is a good segue to get Mr. Regan up, and then we'll get you back. Yeah, I apologize for going there. No, no. We've kept you up here for about 26, 27 minutes. Thank you. Mr. Regan. Patrick Regan on behalf of Arthur Bedrosian. Good morning, Your Honor. Good morning. Not sure if you want me to address the jurisdiction issue. Why don't you start there. But I would state that it is the one issue where I agree wholeheartedly with my opponent. There is definitely jurisdiction in this court, based upon the exception as he explained it to you, because there is no doubt that the primary purpose of the regulations as they relate to the FBAR is for the collection of revenue, and that is a specific exemption from the exclusive federal jurisdiction. Do you also agree with him that the counterclaim filed by the government doesn't necessarily bring this into play? Yes, Your Honor. I do agree with that. I would note that one thing that I know he mentioned, or they mentioned in their brief, and didn't quite come up and I wanted to cover is, one of the reasons obviously for the federal circuit is uniformity, and one of the reasons uniformity is not an issue here is because there have been many district court decisions already on this exact specific issue. The only difference between this decision and those other district court decisions is those other district court decisions, and then circuit court decisions from the appeals, arose because the government brought the case, because those taxpayers were taxpayers who were willfully evading their responsibilities and who were not paying their taxes and who the government had to then go after and bring the case to try and get the penalties enforced. So that brought a different jurisdiction. This case is entirely different because in this case, my client Mr. Bedrosian did not act willfully and behaved entirely appropriately throughout the process, and he himself paid some of the action theory so that we could have it decided by the district court. So I believe that because of those factors, jurisdiction is clearly in this court. Okay, and why don't you address standard review then? Well definitely I would like to address that as well, your honor, because I believe Brown is dispositive on this issue because Brown speaks to recklessness, and recklessness is exactly what the government is basically making the linchpin of its effort to have you dissect Judge Bailson's opinion in a manner that essentially is, I would consider, tortured. The argument is that this is a little different. Now Brown was an officer who's reckless disregard for the truth, but here, why wouldn't you apply our recent decision in the Blackledge case, which says that you basically have to divide into the respective parts, applying the clearly factual component and then the plenary standard to the legal component? Because determination of recklessness is in and of itself a factual analysis. In fact, Williams, which is the Fourth Circuit case that covers the F-bar, states directly that willfully is a factual analysis and it's a clear error issue. It's a factual analysis because there's no statutory interpretation, there's no legal interpretation. In fact, one of the arguments that we sat through this morning prior to this one, this issue came up. Is this court being asked to determine and to give us a legal definition of what recklessness is here? Recklessness is a long-known, common... But there's a bit of a nuance here, and there's the Supreme Court case that came out this year in U.S. Bank v. C.W. Capital Asset, and in footnote 7 of the court's decision, I don't know if you're familiar with it, but it talks about, and this was a bankruptcy case, but if the bankruptcy court somehow misunderstood the nature of the arms-length query, if it devised some multi-factor test for addressing the issue, you would apply de novo review. What it may not do is review independently a garden-variety decision as here that the various facts found amount to an arms-length transaction, and so do not confer insider status. You would say, well, insider status is a fact issue, but the court is saying, if the court misunderstands how to apply the law to the facts, it looks like de novo in that case. Why wouldn't you, by analogy, apply that case to this case as well? Because, for a very simple reason, that that's not what happened. Judge what recklessness is, nor did he not misapply it, did he misapply it to this case. In fact, he quite clearly, and the government really goes out of its way in a tortured analysis to try to dissect his opinion, but before he gets into his discussion of what willful is, or whether he's determined whether this is willful or not, and when he makes that ultimate statement, which I think is the most important one, is that I'm not going to let these inferences reach me to the in three different places points out what willfully is, and it includes recklessness. He states quite clearly that a person has, a defendant has willfully violated the section when he either knowingly or recklessly fails to file. The requisite willful intent is satisfied by finding a defendant knowingly or recklessly violated the statute. He goes on to talk about, for a paragraph, about willful blindness, and discusses how willful blindness would be enough to meet the standard. So he clearly understands the standard of recklessness. We're talking about Judge Bailson, who's been on the bench for how many years? Very, very good judge. No doubt about it, as we would say back where I grew up, but the point is that here you've got a person who knew, probably back in the 80s or 90s, from Mr. Hirsch, his then accountant, that he was breaking the law. And then goes out and creates, and he said, what do I do about it? He said, well, you can't unbreak the law. So he just decides to let it go. Then later on, he gets a significant loan, puts it into a second account, and that second account, when Mr. Bransky, Mr. Hirsch dies, Mr. Bransky comes in, he files the FBAR report, at least as to the account he knew about, the smaller first account. And he doesn't tell him about the second account once it's brought to his attention. Hey, you signed this, the government's now going to do an audit. And he goes to it, gets advice. The advice is, hmm, you got a problem. It would seem at that point not to disclose the second account is a major problem. If that isn't willful, it's got to be reckless. Well, Your Honor, with all due respect, that's not, that factual recitation isn't 100% correct. Okay, what is? You're factually correct that for all years, he broke the law, that's a known fact. But in 2007, which is the only year at issue, and Judge Bailson addresses that in his opinion as well, in 2007, he files the FBAR and it has every last thing about his foreign accounts except for that one account. It has the country, it has the bank, it has an account number, and it has up to a million dollars. For one account? For one account. The facts as brought out at trial and testified to by my client and found credible by the judge is that he did not know there were two accounts. He always thought of it as one account. And indeed, what I think is the most critical determination that the judge makes, and it is at page A13, is Bedrosian's knowledge that his 2007 FBAR was accurate is far less clear. He undoubtedly did not give the form the requisite attention, but it is not apparent that he submitted it knowing it omitted the second account. The government's evidence going to that point relies on inferential leaps on which we are unwilling to hang a finding that Bedrosian was willful. And your honor, the evidence as testified to by my client was that he went, before he ever heard from the government, he went and got legal advice because he had read some articles about the fact that the government was starting to look more into these types of accounts and he became uncomfortable. He went to an accountant and he spoke to a lawyer and that lawyer sent him to an forensic accountant and they prepared new filings for every one of these years, going back to 2004. And in those, he accurately and appropriately stated his income and stated his FBARs. And by the way, this is all after tax dollars. There's no evidence. Well, let me ask you a question on this very point, right? The government presented evidence that your client had made separate transfers from each of his UBS accounts in the weeks immediately after he filed the 2007 FBAR. Isn't that evidence a pretty strong indicator that he knew and was aware of both accounts? Evidence that he found out about, that he found out he had two accounts sometime after filing the FBAR and before he transferred the two accounts. But it's not evidence of more. And part of the opinion, but on the record, at the end of the trial, when the judge was, when we were having argument, the judge stated to the government, you have not called a single witness with any knowledge of these facts. The accountant was available to them. The agent who audited my client. I'm so sorry. When you say these facts, what do you mean? So I understand. Well, the arguments that they're making about to try and they're basically trying to make an inference. Okay. Exactly. They're trying to make an inference that he knew. They didn't call a single witness who could testify to that. They had an auditor who interviewed him. He cooperated fully and completely with everything that the government asked him to do once they started auditing some two, three years later. He went to an interview with two IRS agents. We deposed them both. That, they made an initial determination that it wasn't willful. That was then overturned. We deposed the person who overturned it and their bases therefore. And there was his accountant who was deposed and they didn't call. So there are all these available witnesses they could have called and the judge quite rightly took a negative inference from that fact. Indeed, not only didn't they call them, I wanted to call some of them and they filed a motion eliminating who was precluded from calling them. Let me back up. Let's assume you're right on that. They could have called other witnesses. My concern is, I think we'll all agree. I think your opposing counsel agrees that the judge stated correctly what is a reckless standard. The question then becomes, did the judge measure Mr. Bedrosian's conduct against the civil recklessness standard? And I can't find in the opinion where he did that. Can you show me where he did that? Yes. All evidence points to an unintentional oversight or negligent act. Page 10. I understand. That's negligence. Now between negligence and willful is recklessness. Where does he measure Mr. Bedrosian's conduct against the civil recklessness standard? This is where I say there's a tortured reading of the opinion. Just tell me where. At the beginning of the opinion, he describes willfulness as concluding recklessness. He then just uses the word willfulness the rest of the opinion. All I'm asking you to do is just tell me where. Page 7, your honor. And by definition, once you have said willfulness includes recklessness, does every single time he talks about willfulness, he has to bring up recklessness again? No. If it's not willful, it could be reckless. And he has to show that by, and he stated correctly what is reckless, so how do these facts, forget willful, how do they fit into showing not reckless? Just show me the analysis. He does not do that specifically, your honor, because. Isn't that a problem? No, because by definition at the start of the opinion, he has stated that willfulness includes reckless behavior. Then having made that definition throughout the opinion, he says this isn't willful. The result can be different or can be the same if it's reckless or willful, but the analysis of willfulness is different than the analysis of recklessness. Let's go back to first year law school. But he's analyzing willfulness in the context of reckless being subsumed in willfulness. The other thing I should address. But what do you think, what's the difference between recklessness and willfulness? Under this definition? What's difference between recklessness and willfulness? I'm going back to first year law school. What is it? Probably forget it. Me too. It's acting with a conscious disregard for facts that you should know or with reckless abandon by not paying attention to the facts that should be obvious to you. Okay. And where is the analysis of why this is not recklessness under the facts of this particular case as the judge found them? It's replete. He talks about all the different factors that why it doesn't rise to the standard of willfulness, which includes recklessness. For instance, willfulness is different. Willfulness is I know I'm breaking the law. I'm going to continue to break the law. Recklessness as I understand it, at least colloquially, is that I should know that I'm running a big risk here and I'm just going to ignore the risk. I hear you, your honor. But in this instance, this statute, and this is why this is distinguishable from Safeco, this statute defines willfulness as including reckless behavior. Safeco actually has a different standard between reckless and willful, and therefore that's why the Safeco analysis required an extra step. Okay. Let's just go to the logic. Willfulness and recklessness can get you a civil penalty. Correct. Let's assume it's not willful. If where is the analysis of where, how this particular case is not reckless, albeit he's saying he's makes analysis as to it's not being willful, but where does he make the analysis that it's not reckless? This is just plain logic. And my answer to your honor is he doesn't specifically spell it out. And isn't that a problem? No, because he defines willfulness in the beginning as including reckless. So if I say to you, you know, dinner's including beef and mashed potatoes, dinner is ready. You're not going to say, but you didn't tell me the mashed potatoes are ready. You told me the dinner was ready. Isn't the logic then that recklessness is a subset of willfulness? Yes. Okay. If recklessness is a subset of willfulness, it isn't all of the things that necessarily are willful. It's something else. But he's, I don't believe that opinion should be required to dissect it on that level. Number one, because we are, in my view here on clear air issue. And number two, it's not even close. The fact that what the government tried to do is retry this. If it wasn't close, we wouldn't be here. Well, my view is, is it's not even close because if you look at the cases where willfulness has been found and the government makes a big deal out of the fact that, oh, he compared it to the other cases. Well, of course he cared the other cases. They're the only precedent we have, but it's they're like up here and this is down here. He told them the country, he told them the bank, he told them an account number, and he told them amount up to a million dollars. I mean, if that, there is no, what a decision that this meets the willfulness standard would mean is that there's really not a case you could devise that wouldn't be willful conduct. And the statute calls for a $10,000 penalty if it's not willful and a million dollar penalty if it is. And Congress would not have made that distinction without there being some basis for it to be non-willful. And if this case is not, is willful, I can't think of a case where anyone failed to exactly correctly fill out their form, check the box on my, on my tax return saying I have a foreign bank account, tell them exactly what bank it's in. I can't think of a case that would be. All right. Thank you for the question. Thank you very much. Mr. Weiner. Um, in my two minutes rebuttal time, a few points that I want to make. I, I would submit that opposing counsel does know a case. In fact, brought it to this court's light. If the courts, the Mr. Bedrosian's brief includes an example from the IRM where the taxpayer wouldn't be willful or where the, the filer wouldn't be willful. And there's some fundamental discrepancies between that theoretical account where the taxpayer paid all the taxes owed on the accounts and closed the accounts and, um, and closed the account that happened to, uh, have not disclosed and the fact that there was no other suspicious activity. This stands in stark contrast in every one of those aspects. What the taxpayer, what Mr. Bedrosian didn't do here is didn't disclose the fact that he had $2 million. He said that he only had $1 million. So didn't even have to look to, even if he thought he was only one account, he only disclosed that he had a million dollars. In fact, he had more than $2 million. Is Mr. Egan correct that if the court did an analysis of willfulness, ipso facto, it did an analysis of recklessness? Absolutely not, Your Honor. Because? Because what willfulness could include is just knowledge. And in fact, that's what the court aimed at. The, that's what the district court's entire opinion and its analysis is driven at. Did he know his F.R. was lacking? And we think that he clearly erred in that regard. But that's what the court said. And we respect that. And that analysis is there for the court to, to, to weigh in on, to review. With respect to recklessness, we have no idea what the court concluded. Um, I don't know how this court could review for clear error because the court has laid out absolutely no reasons that would go to any of the prongs that constitute recklessness. And so therefore, now, as to the standard of review, I would submit that just because recklessness does have a mental state of mind, there's plenty of case law. Um, I believe that you, Your Honor, cited one. I will give you another one, Wong, um, 620 F3D 327, which talks about whether an alien has an objectively reasonable basis to fear persecution. That was a mixed question of fact and law that the court reviewed de novo because there is an objective component to it. And so there does require some legal analysis, even though it does do to the alien state of mind. All right. Thank you. Is there anything? Oh, and I see I'm out of time. I apologize. I'm a very well argued case for both of you. Exceptionally well done. I would ask counsel to get together with the clerk's office afterwards and have a transcript made of this whole argument. Well, well done, gentlemen.